*EX PARTE* HAMPTON & BRANCHVILLE RAILROAD v. LUM-
BER COMPANY.

INJUNCTION.—The construction of a tramway will not be enjoined at the
instance of a railroad company authorized by statute to build a branch
road not exceeding five miles in length from its main track, where it
appears that the construction of the tramway was completed before
the commencement of the action, where the testimony is conflicting
on the main points, and where an action against the president of the
company, restraining him from further interference with the tram-
way, is pending, in which the rights of the parties can be adjusted.

Petition in the original jurisdiction of this Court by the
Hampton and Branchville Railroad and Lumber Company
for a writ of injunction, to enjoin A. T. Goethe and M. W.
Ulmer from constructing a tramway across the right of way
of one of petitioner's projected branches.    Denied.

*Messrs. Fishburne, Murphy & Farrow*, for petitioner.

*Messrs. Howell & Gruber*, contra.

Sept. 16, 1895.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.  This is a petition, ad-
dressed to this Court, in the exercise of its original juris-
diction, praying that A. T. Goethe and M. W. Ulmer,
doing business as partners, under the name and style of
Goethe & Ulmer, may be enjoined "from building, con-
structing, or operating a tramway on or across" certain
lands of one J. C. Lightsey, "or on or across the right of
way procured by the petitioner from J. C. Lightsey."   The
allegations of this petition are substantially as follows:
That by virtue of sec. 1609 of the Rev. Stat., petitioner has
the power to build branch roads, not exceeding ·in length
five miles from its main track; that, for the purpose of con-
structing such a branch road, not exceeding five miles in
length, petitioner procured from one J. C. Lightsey suffi-
cient land upon which to construct its branch railroad

across a certain tract of land then owned by said Lightsey, and "actually located the right of way and track on said lands;" that one J. C. Geiger was formerly the owner of the said land, and while he was such owner he gave to said Lightsey "a grant of the exclusive right of building a tramway or tramways on or across said land, as will more fully appear from a copy of said grant hereto annexed and marked exhibit B, to which reference is prayed;" that the said Goethe & Ulmer have entered upon said land and are proceeding to construct a tramway across the same, and they threaten and declare that it is their purpose to complete the construction of said tramway, and to continue to use and operate the same for the purpose of hauling timber and lumber from their saw mill; that the tramway of the said Goethe & Ulmer will cross the branch track or right of way of petitioner located as aforesaid, and will necessarily result in great hindrance to the use and enjoyment of its railway, and will involve the petitioner in great expense in constructing its branch road across the tramway of said Goethe & Ulmer; that no notice has been served upon petitioners by said Goethe & Ulmer, looking to the condemnation of its right of way, for the purpose of constructing the tramway of said Goethe & Ulmer; and that petitioner cannot be compensated in money for the damages which petitioner has and will continue to sustain by reason of the construction and operation of their said tramway by the said Goethe & Ulmer, they being, as petitioner believes, insolvent.

Upon hearing this petition, verified by the affidavit of W. H. Mauldin, president of the said company, the usual rule to show cause was granted, requiring the said Goethe & Ulmer to show cause why the prayer of the petitioner should not be granted. To this rule the said Goethe & Ulmer have made a verified return, supported by numerous affidavits, in which the following facts are stated: that before the petitioner or the said J. C. Lightsey acquired any rights or interests in the said lands, these respondents (Goethe & Ulmer) had received from the said J. C. Geiger

the two several grants, copies of which are hereto annexed,
and that W. H. Mauldin, the agent and president of the
petitioner, and J. C. Lightsey had both actual and construc-
tive notice of the said grants and of the rights of these
respondents thereunder; that the petitioner is not desirous
of building a tramroad or railroad over or across said land,
but is actuated, in bringing these proceedings, by the sole
purpose of so harassing these respondents as to force them
to haul their lumber and other freights over the petitioner's
railroad, or to cease to do business in that section of coun-
try; that the point at which the petitioner laid down its
pretensive railroad (more particularly mentioned herein-
after) is more than five miles from the main track of the
Hampton and Branchville Railroad; that the construction
of respondent's tramway was finally completed several
weeks before this proceeding was instituted; that no notice,
written or otherwise, has ever been served upon these re-
spondents, that the lands over which their said tramway has
been constructed was needed by the petitioner for the con-
struction of its railroad or any branch thereof; but, as ap-
pears from the affidavits annexed to the return and referred
to as part thereof, the said W. H. Mauldin, who is the presi-
dent of the Hampton and Branchville Railroad and Lumber
Company, with the said Lightsey, who is his son-in-law,
together with a large force of hands, on or about the 20th
of February, 1895, in the night-time, tore up a portion of
the tramway constructed by these respondents, and laid
down a few pieces of railroad iron on blocks across the
track of respondents' tramway, tore down two tenant
houses erected by respondents, and used the material in
building a house across the track of the respondents' tram-
way; that for this high-handed outrage upon the rights of
the respondents, they commenced an action, which is now
pending against the said W. H. Mauldin and the said J. C.
Lightsey, in which, amongst other relief, an injunction was
asked for, restraining the said Mauldin and the said Light-
sey from further interference with the said tramway of

these respondents; that the said W. H. Mauldin, in his answer to said action, claimed that the Hampton and Branchville Railroad and Lumber Company was a necessary party to the said action, because it holds a grant from the said J. C. Geiger for the exclusive right to build a tramway or tramways across the lands in question—setting out a copy of said·grant; and the said Mauldin further alleged in his answer that he is the president of said company, and as such advised and directed his employees to obstruct and prevent the building of respondents' tramway; that the Hon. Ernest Gary, after a full hearing, granted an order at chambers enjoining the defendants in that action (the said Mauldin and the said Lightsey) "from hindering and obstructing the said plaintiffs (Goethe and Ulmer) in building, constructing, and operating the tramroad mentioned in the complaint, and from trespassing upon the same until the hearing and final determination of this action upon its merits.

The papers referred to in the pleadings are as follows: a paper bearing date the 29th day of July, 1893, executed by J. C. Geiger, whereby he bargains, sells, and releases "unto the said A. T. Goethe, his heirs and assigns, 'all the pine timber and pine trees growing, lying, and being on that certain tract of land' (describing the same), together with the right of way and free access to the said timber." This paper was executed in the presence of two subscribing witnesses, proved and recorded in the proper office 20th of July, 1894; next a paper bearing date the 17th of January, 1895, though the weight of the testimony shows that it was not in fact executed until the 25th of January, 1895, whereby the said J. C. Geiger sells to the Hampton and Branchville Railroad and Lumber Company "the exclusive right of building a tramway or tramways in, over, and across my (his) swamp and uplands lying in and along Little Salkahatchie River." This paper was executed in the presence of one subscribing witness, who proved the execution of the same, but it was not recorded; next a paper bearing date the 18th of January,

1895, whereby the said J. C. Geiger grants, bargains, sells, and releases unto the said A. T. Goethe "a right of way through and across my (his) land" (describing the same). This paper was executed in the presence of one subscribing witness, who proved the same, and the same was recorded on the 26th of January, 1895; and next a formal deed from the said J. C. Geiger to the said J. C. Lightsey for the land over which the tramway of the said Goethe & Ulmer runs, bearing date the 25th of January, 1895. The testimony, derived wholly from affidavits submitted by the parties, is very conflicting upon many of the issues involved—so much so, that we cannot say that the petitioner has made such a case as entitles it to the injunction asked for. The burden of proof is upon the petitioner to show that it is a proper case for injunction, and we do not think that the showing made is sufficient to warrant this Court in interposing its aid by enjoining the said Goethe & Ulmer from proceeding with their operations, whereby great and probably irreparable loss and injury would be incurred by them. Especially is this so, when we think that the decided weight of the testimony shows that the tramway, the construction of which is sought to be enjoined, as well as the operating of the same, was fully completed before these proceedings were commenced; and the fact that the petitioner stood by and allowed this work to be done without taking any *legal* steps to prevent it, but chose rather, through its president, to protect its alleged rights by force and arms, does not commend this application to the favor of the Court. Besides, we think that the relative rights of these parties can much better be adjusted and determined in the action hereinabove referred to, brought by Goethe & Ulmer against the said W. H. Mauldin and the said J. C. Lightsey, to which action the said Mauldin, the president of the petitioning company, has demanded that the said company shall be made a party; in which action his Honor, Judge Ernest Gary, has already, after full argument, granted an order restraining the defendants therein from further interfering with the tramway of the said Goethe

& Ulmer until the said case is finally heard upon its merits.

Without, therefore, undertaking now to decide any of the issues of law or fact involving the merits, this Court, believing that it is not a proper case for injunction, has, for the reasons above indicated, heretofore granted an order refusing the application for injunction and dismissing the petition.